CITY OF YONKERS, Appellant, *v.* MAX HOROWITZ and Another, Copartners Doing Business under the Trade Name and Style of the MOELLER BOARDING SCHOOL, Respondents.

Second Department, January 6, 1928.

Municipal corporations — zoning ordinances — action to enforce zoning ordinance — defendants keep twenty to twenty-five children from seven to fifteen years of age — children attend public school except few who are given kindergarten instruction — defendants' building is not lodging or boarding house nor school within meaning of zoning ordinance.

This is an action to enforce a zoning ordinance which the plaintiff contends the defendants are violating by keeping a house and supplying food and lodging for children intrusted to their care. If the house constitutes a lodging or boarding house or a school, there has been no violation of the ordinance. The defendants keep from twenty to twenty-five children who are from seven to fifteen years of age. Most of the children attend the public schools, but a few receive kindergarten instruction on the premises. The children are normal, playful, noisy children and annoy, by their play, people who live in the immediate vicinity of the defendants' house.

The defendants are not keeping a lodging or boarding house or a school, within the meaning of the exceptions of the ordinance, and, therefore, the plaintiff is entitled to judgment restraining the defendants from conducting the business.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Westchester on the 14th day of September, 1927.

*Arthur C. Hume, Corporation Counsel,* for the appellant.

*Max Berg,* for the respondents.

SEEGER, J. The action was brought by plaintiff, pursuant to section 42 of the Second Class Cities Law, to restrain a violation by the defendants of the Yonkers Zoning Ordinance by keeping a house and supplying food, lodging, and having care and control of children intrusted to their care by the parents or guardians of such children, for the purpose of profit. The house is located in a residential district. Under the Yonkers Zoning Ordinance of 1920 (Art. 2, § 3) no building or premises located in a residence district shall be used for any purpose except for one or more of the following uses:

" 1. Dwellings or tenements, including the office of a physician, surgeon, dentist, artist or musician when situated in the same dwelling or apartment used by such physician, surgeon, dentist, artist or musician as his private dwelling.

" 2. Lodging or boarding houses.

" 3. Hotels.

" 4. Churches.

" 5. Schools, libraries or public museums.

" 6. Clubs, excepting clubs the chief activity of which is a service customarily carried on as a business.

" 7. Railroad passenger station.

" 8. Farming, truck gardening, nurseries or green houses.

" 9. Accessory uses customarily incident to the above uses, the term accessory use, however, not including a business or any building or use not located on the same lot with the building or use to which it is accessory. A garage or a group of garages for more than three motor vehicles shall not be permitted as an accessory use."

The defendants keep from twenty to twenty-five children varying in age from seven to fourteen or fifteen years. They are normal, noisy children and play the games which such children usually play, including football, baseball and tennis, both in the yard of the premises and on the street. They engage in roller skating on the walks and in the neighborhood of the house. On Sundays the guardians and parents call to see them. The yard and porches

of the house are congested with the children and the visiting persons. They laugh and are noisy. The conduct of the children is a source of annoyance to the neighbors of this quiet residence district, which is a high class residential neighborhood, where the residences are costly. The conduct of this business is very detrimental to such residential property, and has a tendency to render it unsalable. If the business carried on there is either the keeping of a boarding house or of a school, it is no violation of the Zoning Ordinance in question. No school is kept upon the premises. The children go to the public schools of the city of New York, except a very few of the youngest of them, who have not reached school age and who are receiving kindergarten instruction only, upon the premises. The house is not a boarding house as contemplated by the Zoning Ordinance. While the business may be lawful, the Zoning Ordinance prohibits it from being carried on in a residential neighborhood in the city of Yonkers. It should be removed to some suitable place in an appropriate neighborhood, and the property owners of the district relieved from its detrimental influence.

The judgment appealed from should be reversed upon the law and the facts, with costs, and judgment directed for the plaintiff, with costs. Findings of fact and conclusions of law inconsistent with this determination are reversed and new findings will be made in accordance herewith.

LAZANSKY, P. J., KAPPER, HAGARTY and CARSWELL, JJ., concur.

Judgment reversed upon the law and the facts, with costs, and judgment directed for the plaintiff, with costs. Findings of fact and conclusions of law inconsistent with this determination are reversed and new findings will be made in accordance herewith. Settle order on notice.