LOUIS SHEGDA et al., Plaintiffs, *v.* VILLAGE OF LANCASTER, Defendant.

Supreme Court, Special Term, Erie County, July 12, 1948.

*Harry A. Kulowski* for plaintiffs.

*Jerome H. Raynor* for defendant.

VANDERMEULEN, J. This action was brought to obtain a declaratory judgment which would establish the right of the plaintiffs to use the premises described as 159 Court Street in the village

of Lancaster, New York, as a convalescent home. Injunctive relief was also sought. It appears that the plaintiff was advised by some of the village officials that a special permit for this particular use of their property would be required since it was a business use in a residential zone. Accordingly, an application was made for a special permit and the board of trustees denied the application. The lawsuit that ensued was referred to the Hon. THOMAS H. NOONAN, Official Referee, who found in favor of the plaintiffs and granted an injunction prohibiting the Village of Lancaster from interfering in any manner with the plaintiffs' use of their property as a convalescent home. An appeal was taken to the Appellate Division, Fourth Department, and the judgment was reversed (273 App. Div. 1049). In the memorandum of the appellate tribunal, the following was stated: '' Judgment reversed on the law and a new trial granted, without costs of this appeal to any party. Memorandum: There is nothing in this ordinance which specifically prohibits a ' convalescent home ' in a residential zone. There is insufficient evidence in the record upon which to base a determination as to whether the contemplated use of the property comes into conflict with the provisions of the Zoning Ordinances of the Village of Lancaster.''

At the new trial, plaintiffs produced evidence to support their contention that the contemplated use of their property as a convalescent home does not conflict with the provisions of the zoning ordinance.

I have examined the authorities submitted by the defendant.

In *People* v. *Gold* (6 N. Y. S. 2d 264) the use of the premises varies widely from the contemplated use in this case. There the defendant practically operated a sanitarium, provided treatments and services, including an electric cabinet reducing chamber, colonic irrigations, massages, physiotherapy and many others.

The ordinance involved in the case of *City of Yonkers* v. *Horowitz* (222 App. Div. 297) permitted lodging and boarding houses. Defendants kept a house and supplied food and lodging to twenty children whose parents and guardians entrusted the care and control of these children to the defendants. The ages of the children ranged from seven to fourteen and fifteen years. On the premises they played games such as football, baseball and tennis. On Sundays parents and guardians called to see the children. Naturally, there was considerable activity and noise. The defendants operated this establishment for profit. The court held that this place was not a boarding house as contemplated

by the zoning ordinance and that the conduct of this business was detrimental to residential property.

In *Halsey's Appeal* (151 Pa. Super. Ct. 192) the appellant property owner attempted to operate a nursing home under the uses permitted by the ordinance, in a "B" residence district which included (1) one family dwelling; (2) two family dwelling; (3) double houses; (4) church, etc., and accessory uses incident to any principal uses above listed and not involving the conduct of a business. The petitioner testified that under her license from the State she was allowed to have twenty beds equipped to take care of twenty patients, have four or five uniformed nurses in attendance and three house doctors on call. The ordinance in the above-cited case is at wide variance with the ordinance now in question. The use of the home was in the nature of hospitalization.

In *Keenly* v. *McCarty* (137 Misc. 524, 526) the defendant so altered the manner and character of the house on the premises as to violate the provisions of the zoning ordinance. The prior owner, Mrs. Owens, accommodated boarders who were for the most part elderly and retired people. As part of the service, the owner furnished the attendance of a nurse. She did not furnish medical attendance but each occupant had his or her physician. In its opinion, the court made this significant statement: "No question is raised here that under the Zoning Ordinance a continuance of the use of the premises for the purposes for which it had been used by Mrs. Owens would have formed no basis for this action."

It appears to me the zoning ordinance of the Village of Lancaster is much broader in scope than any of the ordinances involved in the foregoing cases. The pertinent parts of the ordinance are: " Section 4, *Zone A, or Residence District.* (a) In the subdivision of the Village of Lancaster known as and designated as Zone ' A ', or Residence District, no building or premises shall be used and no building shall be erected, constructed, altered or used for any purpose other than that of one or two family dwelling houses, or multiple or apartment houses, and hotels, rooming or boarding houses, churches, schools, club houses and private garages, green houses, nurseries or other building accessory to such private dwellings."

Another section of the zoning ordinance reads as follows: " *Rooming and Boarding Houses* — A Building wherein more than five people are sheltered or fed for hire."

The defendant argues: "It is not hard to understand that the constant going and coming of patients at the said homes,

the extra parking hazards, the extra public services and private services required for the operation of such an establishment and the very transitory nature of the business is such that the same is undesirable in a residential neighborhood.''

In my judgment, what the defendant emphasizes could occur in connection with a hotel or any boarding house. Yet the ordinance permits the erection and construction of hotels and boarding houses and use of buildings as such. Nor is the use of this building as a convalescent home more of a transitory nature than a hotel or any boarding house.

It is quite frequent for doctors to recommend to people who are recovering from serious illnesses or operations that they leave the hospital for further convalescence before resuming the duties of their usual occupations. Primarily, they go to these homes to rest and recuperate. They differ in a very small degree from ordinary boarders. The fact that a nurse is on the premises to render any necessary service is not sufficient to take the proposed convalescent home of the plaintiffs out of the category of a boarding house. An ordinary boarder could become so ill that he or she might need a nurse in attendance for some period of time.

In cases of this nature, whether or not there is a violation of a zoning ordinance depends on the wording, scope and intent of the particular ordinance and the proposed use of the premises by the individual owner. What in one instance might be a violation under the circumstances, in another might not. If the plaintiffs stay within the limits of the testimony as to the use, there is and will be no violation of the ordinance. If the plaintiffs go beyond the testified intention in the conduct of the proposed establishment, the Village of Lancaster has a remedy.

I find the plaintiffs are entitled to a declaratory judgment in accordance with this opinion and the injunctive relief is hereby granted.